### TUFFREE et ux. v. STEARNS RANCHOS CO.

L. A. No. 387; October 1, 1898.

54 Pac. 826.

**Appealable Order.**—Under Code of Civil Procedure, Section 963, allowing an appeal from a special order made after final judgment, an order denying a motion to correct a judgment, or the file mark thereon, is appealable, where an appeal from the judgment will not present all the facts on which the motion is based.

**Judgment—Attack by Motion.—A Judgment Regular on Its Face** cannot be set aside on motion attacking its validity.[1]

**New Trial.—As to Time of Moving for New Trial, Notice** of intention, filed after judgment entered on a remittitur from the supreme court, may be given in reference to such judgment, rather than the original judgment.

**Evidence.—In a Trial to the Court, Plaintiff was Permitted** to detail a conversation with one of several defendants, the court remarking that it would take care that the evidence harmed no one else. Held, that there was no error.

APPEAL from Superior Court, Los Angeles County.

Action by J. K. Tuffree and wife against the Stearns Ranchos Company. From a judgment for plaintiff, from an order denying its motion to amend the judgment and to correct a file mark thereon, and from an order denying its motion for a new trial, defendant appeals. Affirmed as to the judgment, as to the order refusing to amend the judgment, and as to the order denying a new trial, and dismissed as to the order refusing the correction of the file mark.

E. W. McGraw for appellant; J. S. Chapman and A. M. Stephens for respondents.

CHIPMAN, C.—Plaintiffs, husband and wife, brought an action to quiet title, on complaint filed August 25, 1886, alleging ownership of the premises in the wife. Answers were filed for all the defendants, of whom there were many. The cause was tried, and findings were filed July 11, 1891, and judgment January 15, 1892. The judgment was that plaintiff Mrs. Tuffree was the owner in fee of the premises, and that defendant C. B. Polhemus has no right or title thereto, and that plaintiffs take nothing as to the other defendants. The cause was appealed by plaintiffs and by Polhemus to this court, and is reported in 108 Cal. 670, 51 Pac. 806. The judgment here, on that appeal, was given on October 2, 1895, and the judgment below was affirmed as to defendant Polhemus, and was reversed and judgment directed in favor of plaintiff Mrs. Tuffree as to all the other defend-

---

[1] Cited in National Metal Co. v. Greene Consolidated Copper Co., 9 Ariz. 196, 80 Pac. 398, the court saying: "When a party is driven to evidence dehors the record to show that a judgment is void, he should be permitted to do so only where the facts upon which he relies may be examined into under the forms and sanction of a regular trial."

ants except defendant Alfred Robinson. The remittitur went down November 2, 1895, and pursuant to directions therein the trial court entered judgment, which was indorsed: "Filed April 28, 1896. Docketed July 16, 1896. Entered July 15, 1896." On July 25th and 27th the court made an order substituting the Stearns Ranchos Company at its request for all the defendants, the company claiming to have succeeded to the interests of all the defendants, as set forth in supplemental answers. On July 18th counsel for defendant company and all other defendants served upon plaintiffs' attorneys a notice of motion that he would move the court "to have the file mark on said judgment corrected and altered so as to express the truth, to wit, that the date April 28, 1896, on said file mark, be stricken out, and in lieu thereof be stated July 15, 1896." Defendant company, as successor of the interest and on behalf of Moses Hopkins and Edward F. Northam, original defendants in said action, moved to amend the judgment by striking out the names of Hopkins and Northam so that the judgment shall not affect the interests formerly held by them. The ground of the motion was stated to be that Moses Hopkins died in February, 1892, prior to the appeal to the supreme court, and, being dead, was not a party to the appeal, that his executor was never substituted in his place, nor was the Stearns Ranchos Company, successor to his interest, substituted as a party; and the judgment of the supreme court did not affect such interest and was without jurisdiction. As to Northam, that he died in 1888, and Robert E. Northam, as executor, was substituted, but that he ceased to be such executor long prior to said appeal, to wit, March 1, 1889, on which day the estate was settled and the executor discharged; and that the supreme court never acquired jurisdiction over said executor, and the judgment as to him or the interest of Northam, deceased, was inoperative. The motion was heard, and on September 14, 1896, was denied. Defendant appeals from the judgment entered July 15, 1896; also from the order denying its motion to amend the judgment, and to correct the file mark thereon; also from an order denying defendant's motion for new trial. It was stipulated that all these appeals might be heard upon a single transcript.

The appeals turn largely upon the question as to the effect of the judgment upon the defendant's interest in the prem-

ises as successor to Hopkins and Northam. Appellant contends that this court never acquired jurisdiction to disturb the judgment of the lower court in favor of Hopkins and Northam, because Hopkins was dead before the appeal was taken, and the executor of Northam was discharged upon final settlement of his testate's estate before the appeal, and was as though dead.

1. Respondents contend that the order denying the motion to correct the judgment or the file mark is not appealable; citing Tregambo v. Mining Co., 57 Cal. 501; Swain v. Burnette, 89 Cal. 564, 26 Pac. 1093. In the first of these cases the court said that an order refusing to set aside a default is not an appealable order; and in the other case, where the court granted a nonsuit on defendant's motion, and plaintiff moved to modify the judgment, this court said: "The order refusing to modify the judgment is not an appealable order." The question arises under section 963 of the Code of Civil Procedure, which gives an appeal "from any special order made after final judgment." The rule stated in 89 Cal. supra, must not be accepted as universal, but must be applied to the case as it there stood, where it appears that the appeal from the judgment gave plaintiff all the relief he could have received by the appeal from the order. We think the rule and its reason better stated in De La Montanya v. De La Montanya, 112 Cal. 101, 53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345, where it was held that an order refusing to set aside the judgment was appealable even though the judgment was appealable. Here, as in that case, the order is plainly within the statute, and, as there, an appeal upon the judgment-roll now here would not present all the facts upon which the motion is based. We see no reason why the appeal should not be entertained.

2. The view we have taken of the motion to annul the judgment as to Hopkins and Northam relieves us from the necessity of passing upon the question as to whether the conduct of the attorneys for all the original defendants and of the. attorney for the substituted defendant, appellant, estops the appellant from calling the judgment in question; and it also makes unnecessary a construction of section 385 of the Code of Civil Procedure, under which respondents claim that as to defendant, the transferee of the Hopkins and Northam interests, the proceedings were regular, and defendant will

not now be heard to complain. This motion is not made under section 473, because of the mistake, inadvertence, surprise or excusable neglect of the defendant, but is a direct attack upon the validity of the judgment irrespective of that section. The rule is well settled by our decisions that a judgment void upon its face, or that by an inspection of the judgment-roll is found to have been given without jurisdiction, or for other reason thus appears to be void, will be set aside upon motion, without reference to the provisions of section 473. Such a judgment is said to be "a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists": People v. Greene, 74 Cal. 400, 5 Am. St. Rep. 448, 16 Pac. 197. But it has been held that this cannot be done upon motion where the judgment is valid upon its face or its infirmity cannot be ascertained by an inspection of the judgment-roll: Wharton v. Harlan, 68 Cal. 422, 9 Pac. 727; People v. Greene, 74 Cal. 400, 5 Am. St. Rep. 448, 16 Pac. 197; People v. Harrison, 84 Cal. 607, 24 Pac. 311; Moore v. Superior Court, 86 Cal. 495, 25 Pac. 22; Jacks v. Baldez, 97 Cal. 91, 31 Pac. 899; Dyerville Mfg. Co. v. Heller, 102 Cal. 615, 36 Pac. 928; People v. Temple, 103 Cal. 447, 37 Pac. 414; People v. Harrison, 107 Cal. 541, 40 Pac. 956; Young v. Fink, 119 Cal. 107, 50 Pac. 1060.

The rule that allows a judgment void upon its face to be set aside upon motion is eminently wise and just, but so much cannot be said of a rule that would allow a judgment regular upon its face to be thus attacked. When a party is driven to evidence dehors the record to show that a judgment is void, and he does not proceed under section 473, supra, he should be permitted to do so only where the facts upon which he relies may be examined into under the forms and sanctions of a regular trial. The code furnishes ample remedy for cases of surprise, excusable neglect, inadvertence and mistake; and this remedy is supplemented by the rule which allows the annulment by motion of a judgment within a reasonable time, when void upon its face. This, we think, is as far as the remedies should be carried by mere motion.

3. Respondents make the point that the notice of motion for new trial was not given in time. The findings on the original judgment, from which this present appeal is taken, were filed July 11, 1891, and judgment was entered January 16, 1892. The notice of intention to move for a new trial

now here was made July 25, 1896, and in time, if the entry
of judgment upon the remittitur, July 15, 1896, is to control;
but, if the date of the decision and filing of the original judg-
ment is to control, the notice was too late.   Appellant con-
cedes that its notice was too late if Brady v. Feisil, 54 Cal.
180, upon which respondents rely, is a correct statement of
the practice.   We are asked to overrule that case.   We do
not think that Brady v. Feisil is a sound exposition of the
right of appeal conferred by our statutes, and it is in effect
overruled by Klauber v. Street Car Co., 98 Cal. 105, 32 Pac.
876.   After clearly pointing out the reason why the first ap-
peal might not present the errors of which the prevailing
party in the lower court would have a right, but would be
deprived of the privilege, of having reviewed, the court said:
''As it is only when upon the second appeal the record presents
the same matters, either of fact or law, upon which the deter-
mination of this court was rendered at the former appeal,
that the determination is held to be final, it follows that, if
there is presented upon the second appeal a different state of
facts, or any errors that were committed by the trial court
which were not presented in the former record, this court is
at liberty to consider them as fully as though presented upon
a first appeal.''   The defendant had the right to have any
matters of law or of fact reviewed on a second appeal which
would affect the judgment against Hopkins and Northam,
under whom it claimed, and which had not been reviewed or
determined on the first appeal.   Where the judgment was di-
rected to be entered upon the findings, as was the case here,
the appeal would be upon the same evidence, and in many
respects must be upon the same record; but the assignments
of error would include those matters of which the prevailing
party at the first appeal was precluded from having any con-
sideration of by this court.   The judgment was not final as
to such matters until it was entered under direction of this
court, and the notice of intention may be given with reference
to that judgment.   The question, then, is, Are there pre-
sented by this record any matters of law or fact not deter-
mined by the former appeal of which appellant can com-
plain?   We have compared the former transcript with the
present one, and find that the appeal now is upon the same
original pleadings, evidence, findings and original judgment.
The remittitur and decree pursuant thereto, the substitution

of defendant for all the former defendants, and its answers and motions, are added to the original transcript. The specifications of insufficiency of the evidence to justify the findings are not identical with those assigned in the first appeal, but we are unable to discover that any questions raised by the appellant now, so far as the rights of appellant and respondents are involved, were not fairly raised and decided in the former appeal.

The rule we have laid down by which this second appeal is held to be properly taken we do not think should entitle appellant to have the former decision of this court reviewed except upon matters not previously considered. A comparison of the present with the former record and the opinion found in 108 Cal., supra, we think will show that the merits involved in this appeal, so far as they are related to the facts, had full consideration in the first appeal.

4. Counsel calls attention to but one alleged error of law occurring at the trial and excepted to by defendants. The court, against objection, permitted the witness Tuffree to relate a conversation with George H. Howard about making selections of land. The objection was as to all defendants except Howard. The court overruled the objection, remarking: "If it is admitted in evidence I will undertake to take care of it, and see that it don't harm anybody else." We find no error in the ruling.

5. As to that part of the order refusing to correct the file mark, we do not see that any right involved in the appeal is affected by it, and we therefore do not pass upon the question presented by the motion. If, in any future litigation, the date of entry of judgment should become material, it may be deemed an open question.

6. The appeal from the judgment presents no question except as to whether it is in conformity with the directions of this court, and, as there is no dispute as to the fact, there is nothing in this appeal.

Our conclusion is that so much of the order as refused to amend the judgment, the order denying a new trial, and the judgment appealed from should be affirmed; and, as to the motion and order relating to the change of date in the file mark of the judgment, that the appeal should be dismissed without prejudice.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion, so much of the order as refuses to amend the judgment, the order denying a new trial, and the judgment appealed from are affirmed; and, as to the motion and order relating to the change of date in the file mark of the judgment, that the appeal is dismissed without prejudice.