[S. F. No. 6325.    In Bank.—February 11, 1915.]

ANNIE BOND, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

NEW TRIAL—TIME WITHIN WHICH TO GIVE NOTICE OF INTENTION—NEW JUDGMENT ENTERED PURSUANT TO DIRECTIONS ON APPEAL.—Under section 659 of the Code of Civil Procedure, as amended in 1907, providing that "the party intending to move for a new trial must, within ten days after receiving notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention," where, on motion of the defendant, judgment upon a verdict in favor of the plaintiff is entered for the plaintiff for a certain amount, and the defendant acquiesces therein, and on appeal by the plaintiff such judgment is reversed with directions to the trial court to enter judgment upon the verdict in his favor for a larger amount, the defendant's time to give notice of intention to move for a new trial begins to run when he receives notice of the entry of the second judgment.

ID.—REVERSAL OF ORDER STRIKING NOTICE OF INTENTION FROM FILES—INSUFFICIENCY OF EVIDENCE AS GROUND FOR NEW TRIAL—AFFIRMANCE OF JUDGMENT.—Where the defendant's notice of intention was given in time, and one of the grounds of the motion for new trial was the insufficiency of the evidence to support the verdict, an order erroneously striking the notice of intention from the files on the ground that it was not given within the time allowed by law, will be reversed, notwithstanding that in the mean time the second judgment has been affirmed on appeal therefrom, and the parties had stipulated that the bill of exceptions used on such appeal might be used on the motion for new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco striking the defendant's notice of intention to move for a new trial from the files.    George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

William M. Abbott, William M. Cannon, and Kingsley Cannon, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

SLOSS, J.—The defendant appeals from an order striking from the files its notice of intention to move for a new trial.

The action was one to recover damages for the death of the plaintiff's son. At the trial the jury returned a general verdict in favor of plaintiff for four thousand five hundred dollars. It also returned its verdict on certain special issues. The defendant moved the court, among other things, to direct entry of judgment in favor of the plaintiff for four hundred and five dollars, and the court granted the motion. Judgment was entered accordingly on December 17, 1908. From this judgment the plaintiff appealed to this court, which, on January 11, 1911, made its order reversing the judgment appealed from and directing the superior court to enter judgment upon the verdict in favor of the plaintiff for four thousand five hundred dollars. (*Bond* v. *United Railroads,* 159 Cal. 270, [Ann. Cas. 1912C 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366].) The *remittitur* going down, the lower court, on February 16, 1911, entered judgment in favor of plaintiff for four thousand five hundred dollars. Thereafter the defendant served and filed its notice of intention to move for a new trial, and it is this notice which was, on motion of the plaintiff, ordered stricken from the files.

The motion was based on the ground that the notice was not served or filed within the time allowed by law. The sole question is whether defendant's time to give notice of intention to move for a new trial began to run when it had notice of the entry of the first judgment (for $405), or when it had such notice of the entry of the four thousand five hundred dollars' judgment. If the former, the notice was served and filed too late; if the latter, it was in time.

Section 659 of the Code of Civil Procedure, as amended in 1907, provides that "the party intending to move for a new trial must, within ten days after receiving notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention . . . " Where, as here, there have been two judgments, the latter superseding the earlier, which of the two is "the judgment" referred to in this section? It may aid in the solution of this question to suppose that the first judgment had been in favor of the defendant absolutely. Would such defendant be required to move for a new trial of a case which had been determined in his favor, or could he wait to assail the verdict or decision until there was a judgment which affected him injuriously? The more reasonable and sensible construction of the statute, we think,

is to permit a party to withhold his application for a new trial until there has been a judgment against him. The respondent cites *Brady* v. *Feisil*, 54 Cal. 180, as holding the contrary. But when that case was decided, section 659 required the notice of intention to be served and filed "within ten days after the verdict of the jury, or after notice of the decision of the court or referee, if the action were tried without a jury." The time for serving and filing the notice had no reference to the entry of the judgment, which is made the starting point of the time under the section as it now stands. Furthermore, whether or not *Brady* v. *Feisil* can properly be regarded as overruled or discredited as stated in the opinion (subsequently vacated by an order for rehearing) in *Tuffree* v. *Stearns Rancho Co.*, 6 Cal. Unrep. 134, [54 Pac. 826], we think the view that the time runs from notice of entry of the second judgment finds adequate support in the decision of *Klauber* v. *San Diego Street Car Company*, 98 Cal. 105, [32 Pac. 876]. There a judgment had been entered on the findings in favor of the defendant. The plaintiff had appealed, and this court had reversed the judgment and directed the entry of a judgment in favor of the plaintiff, and such judgment had been entered. The defendant thereupon presented a bill of exceptions, and the same was settled. Upon the hearing of an appeal taken by the defendant from the second judgment, it was held that the bill of exceptions was properly settled and could be considered. "Section 650 of the Code of Civil Procedure," says the court, "provides that a party who desires to have the exceptions taken at the trial settled in a bill, may, within ten days after receiving notice of the judgment, prepare a draft thereof, and have the same settled by the judge. A judgment is the final determination of the rights of the parties to an action or proceeding, and as there can be only one final judgment in an action, if for any reason a judgment that has been entered is vacated, and another judgment entered in lieu thereof, this last judgment becomes the only one in the case, and the notice of its entry is the point of time from which the right to have a bill of exceptions settled begins to run." (See, also, *Sala* v. *City of Pasadena*, 162 Cal. 714, 722, [124 Pac. 539].) Section 650 has been amended since the decisions in the Klauber case, but not in such manner as to affect the question under consideration. The words of that section are the same, in substance, as

those now used in section 659 to define the time within which the acts authorized by the respective sections may be done, and we see no reason why those words should not be given a like meaning in the two instances. Under 650, the bill is to be prepared by the party who "desires to have exceptions settled." This will, of course, be the party seeking to attack the judgment or order. Section 659 imposes the duty of giving notice of intention upon "the party intending to move for a new trial." Why should a party who has had judgment in his favor desire or intend to move for a new trial? While the proceeding for new trial attacks the verdict or findings rather than the judgment, and is, in a sense, collateral to the judgment (*Spanagel* v. *Dellinger*, 38 Cal. 284; *Union Coll. Co.* v. *Oliver*, 162 Cal. 755, [124 Pac. 435]), it will, if successful, vacate the judgment, and that is, in fact, its ultimate purpose.

The fact that the first judgment, like the second, was in favor of the plaintiff, although for a smaller sum, does not, in our view, alter the situation. The judgment for four hundred and five dollars was entered upon the motion of the defendant. We need not consider whether this circumstance would have deprived such defendant of the right to attack the judgment. Assuming that it might have moved for a new trial, it had the right to accept the existing situation as satisfactory to it, and this it did. When that judgment was vacated, and a new one, much more burdensome to the defendant, was entered, an entirely different condition was presented. An additional liability, amounting to over four thousand dollars, was imposed upon the defendant, which was, for the first time, confronted with the necessity of determining whether it desired to assail the verdict upon which the existence of this liability had been adjudicated. Upon receipt of the notice of the entry of the new judgment, the defendant had the right to determine whether it intended to move for a new trial, and its time for serving notice of such intention then began to run.

The respondent suggested upon the oral argument that a motion for new trial could not serve any effective purpose, for these reasons: The second judgment has now become final by affirmance upon appeal. (*Bond* v. *United Railroads*, 24 Cal. App. 157, [140 Pac. 982].) The parties have stipulated that the bill of exceptions used on said appeal from the judgment may be used on the motion for new trial, if this court should reverse the order here under review. On such motion, the

moving party could, it is argued, raise only the points that have already been conclusively determined against it. But one of the grounds of motion for new trial is the insufficiency of the evidence. It is true that this point was made, on the appeal from the judgment, and was held to be without merit. It is, however, thoroughly settled that the trial court has a much greater power than the appellate court to set aside verdicts for insufficiency. A verdict that would be beyond the reach of attack on appeal might be vacated in the discretion of the trial court. This discretion the losing party has a right to invoke, even though the evidence be such that an appellate court would not be justified in upsetting the verdict as unsupported.

The order is reversed.

Shaw, J., Lorigan, J., Melvin, J., Henshaw, J., and Angellotti, C. J. concurred.