[S. F. No. 7224.  In Bank.—March 15, 1915.]

## ANNIE BOND, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

APPEAL—SUPERSEDEAS—REVERSAL OF ORDER APPEALED FROM—LOSS OF JURISDICTION TO GRANT WRIT.—No power remains in the supreme court to grant a *supersedeas* to stay the enforcement of a final judgment against a defendant pending the determination of its appeal from an order striking from the files its notice of intention to move for a new trial, after the supreme court has disposed of the pending appeal by reversing the order appealed from. Such reversal remands the proceeding for a new trial to the jurisdiction of the superior court, and any steps looking to a stay of execution on the judgment must afterward be sought in that court.

APPLICATION for a Writ of Supersedeas to stay the enforcement of a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Wm. M. Abbott, and Wm. M. Cannon, for Petitioner.

THE COURT.—This is an application for a writ of *supersedeas* to stay the enforcement of a judgment against the defendant pending the determination of an appeal from an order striking from the files defendant's notice of intention to move for a new trial. When this application was made, the judgment itself had become final. (*Bond* v. *United Railroads,* 24 Cal. App. 157, [140 Pac. 982].)

In the meanwhile, the then pending appeal has been disposed of, this court having, on February 11, 1915, reversed the order striking out defendant's notice of intention. (*Bond* v. *United Railroads, ante,* p. 273, [146 Pac. 688].) No appeal in the case is, therefore, now pending in this court, and there remains no power to grant a *supersedeas.* The writ is asked

as one "necessary or proper to the complete exercise of the appellate jurisdiction" (Const., art. VI, sec. 4), and that jurisdiction has been completely exercised. The reversal of the order last under review remands the proceeding for a new trial to the jurisdiction of the superior court, and any steps looking to a stay of execution on the judgment must now be sought in that court.

The proceeding is dismissed.