GARCÍA, PLAINTIFF AND APPELLEE, v. THE HUMACAO FRUIT
COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action
of Debt.

No. 1198.—Decided November 30, 1915.

APPEAL — APPEAL FROM MUNICIPAL COURT — MOTION TO SET ASIDE EXECUTION
SALE—FINAL JUDGMENT.—An order by a municipal court overruling a motion
to set aside an execution sale is appealable to the district court because it
is a final judgment clearly coming within the letter and spirit of the Act of
March 11, 1908, regulating appeals from judgments of municipal courts in
civil actions.

ID.—CONSTRUCTION OF LAW—REMEDIAL STATUTES.—Statutes granting and regu-
lating the right of appeal are recognized as remedial in their nature and
should receive liberal construction.

The facts are stated in the opinion.

Mr. Juan B. Huyke for the appellant.

Mr. Manuel Tous Soto for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant-appellant moved the Municipal Court of Huma-
cao to quash, vacate and set aside a certain order of execution
and execution sale. Plaintiff-appellee appeared and con-
tested, a hearing was had, evidence was introduced, both as
to the facts alleged in the motion and in support of the oppo-
sition thereto, and the matter was argued and submitted.
The court, after holding the matter under advisement for a
time, filed a four-page opinion containing findings of fact
and conclusions of law and entered an order adjudging the
law and the facts to be in favor of plaintiff and adverse to
defendant and overruling the motion.

The District Court of Humacao upon appeal from this
order after a trial de novo of the issues so joined and argu-
ment pro and con, likewise took the matter under advisement
and, finally, in another four-page opinion, reached the con-
clusion that the order was not appealable and without enter-
ing into the merits of the questions involved, dismissed the
appeal for alleged want of jurisdiction to entertain the same.

Prior to 1908 the details of procedure on appeal from municipal to district courts were regulated by practice and court rules based upon common sense and analogy rather than upon any express provisions of law. General Order No. 118 of August 16, 1899, provided simply that "Against the decision of municipal and associate judges free appeal will lie to the respective district court." In the Code of Civil Procedure and in the laws reorganizing the judiciary the matter seems to have been entirely overlooked. The rules adopted in 1904 by each of the newly constituted district courts, however, provided that "Any party may appeal to this district court from any final judgment rendered in a civil suit by an inferior court, within this judicial district, and the case so appealed will be tried *de novo* in this court." A judgment is defined by the Code of Civil Procedure as "A final determination of the rights of the parties in an action *or proceeding.*" The pertinent portion of An Act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, reads as follows: "When a municipal court has entered judgment in a civil case disposing finally of the case in favor of the plaintiff or of the defendant, any party to the action who considers himself aggrieved may appeal to the district court for the judicial district in which the municipal court is situated." The Spanish version uses the word "matter" (*asunto*) where the English text employs the word "case."

The final order of the municipal court seems clearly to come within both the letter and the spirit of the provision last quoted, construed in connection with the definition contained in the Code of Civil Procedure; and, in full harmony by analogy with the specific statutory provision for appeals from special orders after judgment in the district courts, and with the well-recognized trend in modern practice to substitute trial upon motion for the ancient and now practically obsolete *audita querela,*—it may fairly and justly be regarded as a final judgment. Whatever the practice may be in other

jurisdictions, no other logical or satisfactory conclusion can be reached under our local law of procedure. "Statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal." 2 R. C. L., Appeal and Error, section 6, page 29.

A similar appeal was entertained in the case of *Millín* v. *Aldrey,* 16 P. R. R. 373, although the question involved herein was not raised nor considered by the court. The case of *Hernández* v. *Tornabells & Co.,* 17 P. R. R. 605, cited by appellee, is not in point. That was an appeal from an order opening a judgment in default and quashing an "attachment levied for the execution thereof," from a second order refusing to reconsider the first, and from a third order vacating the adjudication of the property sold at public auction. These orders opening the case for further proceedings were, of course, reviewable by the district court upon appeal from the final judgment rendered in such new proceedings and it was, in fact, from the final judgment of the district court, after a trial *de novo* of the whole controversy, that the case referred to was appealed to this court. The broad distinction between such a case and the one at bar is clearly illustrated by the cases of *Tuffree* v. *Stearns Ranchos Company,* 54 Pac. 826, and *De la Montanya* v. *De la Montanya* therein cited with approval.

The judgment must be reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed.*

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey dissented.

DISSENTING OPINION OF CHIEF JUSTICE HERNÁNDEZ AND ASSOCIATE JUSTICE ALDREY.

In an action of debt brought by Florencio García Lebrón against The Humacao Fruit Company in the Municipal Court

of Humacao judgment by default was entered against the defendant for the sum of $86.63, the amount sued for, together with interest and the costs.

A writ of execution was issued to the marshal who levied on a certain rural property of the defendant and sold the same at public auction to Juan Ortiz Díaz for the sum of $130.

Thereafter The Humacao Fruit Company moved the said municipal court to set aside the sale of the property. The motion was argued and overruled by an order of March 6, 1914. The defendant appealed from that order to the District Court of Humacao which, in a decision of May 28, 1914, held that it had no jurisdiction of the case because the said order was not appealable.

That ruling of the district court is submitted to this court in an appeal taken therefrom by the defendant and we are of the opinion that it is in conformity with the law. In support of this opinion it is sufficient to examine the statutes applicable to the case.

Section 1 of the Act to regulate appeals from judgments of municipal courts in civil cases (Acts of 1908, p. 168) reads as follows:

"When a municipal court has entered judgment in a civil case disposing finally of the case in favor of the plaintiff or of the defendant, any party to the action who considers himself aggrieved may appeal to the district court for the judicial district in which the municipal court is situated * * *."

The judgment referred to in said section 1 is no other than that defined in section 188 of the Code of Civil Procedure as a final determination of the rights of the parties at issue in the trial held in the municipal court. So much is this so that section 2 of the act cited provides that the presentation of the notice of appeal shall have the effect of staying execution of the judgment. But if any doubt should still exist as to this, it is completely swept away by the provision

of section 3 of said act which, in the part pertinent to the question under consideration, reads as follows:

"When the appeal is called for trial the court shall, on motion of the appellant, review and consider any preliminary orders, decisions or rulings by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial unless the court shall have considered that the complaint or answer is subject to demurrer, in which event the court in its discretion may permit such complaint or answer to be amended. The action being finally at issue, the trial shall be held as a trial *de novo*, and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district courts."

These provisions show clearly that the procedure thereby established refers only to appeals from judgments of the municipal courts in actions brought before them and not to rulings or orders concerning motions to set aside proceedings for the execution of the judgment.

According to section 315 of the Code of Civil Procedure, the decision of the Municipal Court of Humacao of March 6, 1914, from which the appeal was taken to the district court, is not a judgment but an order. It reads as follows:

"Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion."

In this case there was no decision of an action to annul but of a motion to set aside made in an action already decided by judgment, and what is only an order cannot be called a judgment. There was no new action to annul, but only a question was raised between the same parties to the action by reason of the execution of the judgment, and we do not hesitate to admit that the ruling thereon may be called a special order entered after final judgment. However, even if it be so, such a special order made by a municipal judge is not appealable to the district court although, according to subdivision 3 of section 295 of the Code of Civil Procedure, if it had been made by a district court in a case within its

exclusive jurisdiction it would undoubtedly be appealable to this court.

And it cannot be held that an appeal lies to the district court from a special order because such an appeal is allowed from final judgments of municipal courts, for subdivision 1 of section 295 of the Code of Civil Procedure authorizes appeals from final judgments of district courts and yet the Legislature considered it necessary to make an express provision for appeals from special orders made by them after final judgment, which shows that special orders made after final judgments are not included in the final judgments.

When statutes are clear and free from all ambiguity they cannot be given a broader scope by judicial construction.

For the reasons stated, we consider that the District Court of Humacao had no jurisdiction of the appeal submitted to our consideration and that its ruling of May 28, 1914, is in conformity with the law; therefore we dissent from the opinion of the majority of this court.

A motion for reconsideration was overruled on December 24, 1915.