[Civ. No. 9829. Second Appellate District, Division Two.—December 31, 1934.]

CALIFORNIA MACHINERY & SUPPLY COMPANY, LTD. (a Corporation), Respondent, v. UNIVERSITY CITY SYNDICATE, INC., LTD. (a Corporation), et al., Appellants.

Ben S. Hunter, Brown, Bissell & Beery and F. Walton Brown for Appellants.

Harold F. Clary for Respondent.

WILLIS, J., *pro tem.*—The motion to strike the bill of exceptions must be denied. This in turn requires a denial of the motion to dismiss the appeal from or to affirm the second judgment, as this latter motion is predicated on a granting of the first.

In ruling on a motion for new trial addressed to the decision and judgment based thereon first filed and entered in this case, the trial court under authority of section 662 of the Code of Civil Procedure changed and added to its findings and conclusions in a material and substantial respect, and a modified judgment was entered in accordance therewith. This constituted a readjudication of the case. "The authorities are clear that a change which materially affects the judgment and the rights of the parties against whom it is rendered and which involves the exercise of judicial discretion amounts to a new judgment." (*McConville* v. *Superior Court*, 78 Cal. App. 203 [248 Pac. 553, 554], and cases there cited.) Within ten days after receiving written notice of entry of the second and modified judgment appellants served and filed their notice of intention to move for a new trial, which motion was heard and denied. The bill of exceptions herein was served and filed within the time allowed by law, and the order extending the same, after notice of the order denying this second motion, and such bill was duly settled and allowed. Any party aggrieved by a verdict or decision may move for a new trial. In legal acceptation a party is aggrieved by a decision or judgment based thereon when it operates upon his rights of property or bears directly upon his interest. (*Postal etc. Co.* v. *Superior Court*, 22 Cal. App. 770 [136 Pac. 538].)

Prior to the enactment of section 662 of the Code of Civil Procedure the power of the court to change or correct its decision and judgment was limited to correction of clerical errors or errors resulting from inadvertence, when the proceedings were still *in fieri*. Judicial errors could not be corrected. By the enactment of section 662 the power of the court was enlarged and authority to change or add to the findings and to modify the judgment was thereby granted. This amounted to a grant of power to correct judicial errors and to readjudicate the case on the facts and make a new decision and judgment. Under the law as it existed prior to the enactment of section 662 it was held that a modifica-

tion of a judgment, made as the result of a motion for new trial or while the case was still *in fieri*, was in effect the rendition of a new judgment, from which judgment only could appeal be taken and after entry of which time to appeal therefrom began to run. (*Mann* v. *Haley*, 45 Cal. 63; *Bixby* v. *Bent*, 59 Cal. 522.) In the case of *Bond* v. *United Railroads*, 169 Cal. 273 [146 Pac. 688, 689], the Supreme Court held that where, on appeal, a judgment against defendant was reversed with directions to the trial court to enter a larger judgment in a specified amount, the defendant had the right to move for a new trial within the statutory period after notice of entry of the second judgment. To the same effect are the cases of *Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970], and *Estate of Caldwell*, 216 Cal. 694 [16 Pac. (2d) 139]. In the case of *Bond* v. *United Railroads, supra,* it is also said: "When the judgment was vacated and a new one, much more burdensome to the defendant, was entered, an entirely different condition was presented. . . . Upon receipt of the notice of the entry of the new judgment the defendant had the right to determine whether it intended to move for a new trial, and its time for serving notice of such intention then began to run." In the case of *Klauber* v. *San Diego Street Car Co.*, 98 Cal. 105 [32 Pac. 876, 877], the court in discussing section 650 of the Code of Civil Procedure, relating to bills of exceptions, said: ".A judgment is the final determination of the rights of the parties to an action or proceeding, and as there can be only one final judgment in an action, if for any reason a judgment that has been entered is vacated, and another judgment entered in lieu thereof, this last judgment becomes the only one in the case, and the notice of its entry is the point of time from which the right to have a bill of exceptions settled begins to run." This time is, of course, extended under the provisions of the same section by pendency of proceedings on motion for a new trial.

Section 662 contains a provision at the end thereof reading as follows: "Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code." This clause clearly includes and embraces the decision on which the judgment is founded; for the ultimate purpose of a motion for new trial, although it is addressed to the decision, is to vacate the judgment based thereon. In

*Bond* v. *United Railroads, supra,* it is said: "While the proceeding for new trial attacks the verdict or findings rather than the judgment, and is, in a sense, collateral to the judgment . . . , it will, if successful, vacate the judgment, and that is in fact its ultimate purpose." We thus see that by the express terms of section 662 of the Code of Civil Procedure the right to move for a new trial is given legislative sanction in cases where the judgment has been materially modified by changed or additional findings made by the court in proceedings on motion for new trial. This conclusion finds support in *Holland* v. *Superior Court,* 121 Cal. App. 523 [9 Pac. (2d) 531]. Where the second judgment, entered after proceedings on motion for new trial and under the provisions of section 662 is a material departure from the judgment first entered, an appeal lies from the second judgment only. (*R. Barcroft & Sons Co.* v. *Cullen,* 213 Cal. 208 [2 Pac. (2d) 353]; *Holland* v. *Superior Court, supra.*) As a corollary proposition, it follows that the new decision on which such second judgment is founded may be attacked by motion for new trial, to the end that such judgment be vacated without necessity of appeal therefrom, and this without respect to any previous motion for new trial addressed to a prior decision. We fail to note any justifiable ground of discrimination between the recognized right of the party aggrieved by a more burdensome second or subsequent judgment, entered pursuant to *remittitur* after appeal, to move for a new trial after notice of entry thereof, and a right to so move when a second and more burdensome judgment has been entered by the trial court under authority of section 662 of the Code of Civil Procedure. In our opinion this latter right is given express legislative recognition by the last clause of the section mentioned.

The motion to strike the bill of exceptions is denied. The motion to dismiss the appeal from the modified judgment entered on May 17, 1933, or to affirm said judgment, is denied. The motion to dismiss the appeal from the first judgment, entered on April 19, 1933, and from the orders entered on May 17, 1933, changing and adding to the findings, conclusions and judgment, is granted.

Stephens, P. J., and Crail, J., concurred.