[Civ. No. 9829.   Second Appellate District, Division Two.—February 20, 1935.]

CALIFORNIA MACHINERY & SUPPLY COMPANY, LTD. (a Corporation), Respondent, v. UNIVERSITY CITY SYNDICATE, INC., LTD. (a Corporation), et al., Appellants.

Ben S. Hunter, Brown, Bissell & Beery and F. Walton Brown for Appellants.

Harold F. Clary for Respondent.

WILLIS, J., *pro tem.* — This cause is before us on an appeal from a second and modified judgment based on modified findings and conclusions. Appeals from the first judgment entered in the trial court and from orders changing and adding to the findings, conclusions and judgment have been heretofore dismissed (3 Cal. App. (2d) 425 [39 Pac. (2d) 853]).

The action is one for possession of personal property, the complaint being couched in the conventional form, with prayer for possession or the alternative of value and for damages for detention. The complaint charges that plaintiff is the owner and entitled to the possession of certain personal property and that defendants "wrongfully and without plaintiff's consent, took possession of the said property . . . and have withheld and now withhold and detain the said property from plaintiff's possession"; that on July 2, 1932, "plaintiff demanded the delivery of the above described property but that the defendants have at all times since said date failed and refused to deliver the said property to the plaintiff". The answers of defendants consist of denials only. The court found the above quoted allegations to be true and ordered judgment for possession or for the value in the sum of $4,000 in case delivery cannot be had, and for the further sum of $6,975 damages for unlawful detention, from which judgment this appeal is taken.

A brief statement of the pertinent and undisputed facts is necessary to determination of the contention made herein by appellant that the evidence is insufficient to sustain such findings and judgment.

On January 30, 1931, plaintiff delivered to one Bogumill under a "conditional agreement of sale" certain oil well drilling equipment, a portion of which is the subject of this action. Bogumill was at the time lessee under an oil lease of certain real property the ownership of which real property and the lessor's interest in the oil lease thereon came by transfer to defendants about May 11, 1931. On April

21, 1931, Bogumill assigned to plaintiff his leasehold interest in one parcel of the whole leasehold, but not the parcel on which the oil well herein referred to was located, as additional security on the sales contract. Bogumill, after using the equipment in drilling for a time on the leasehold, defaulted in his payments on the sales agreement, and in July of 1931 plaintiff, in accordance with the terms thereof, began to retake possession of and remove the equipment, and had removed all except that described in the complaint herein when plaintiff was ordered by a supervisor of the division of oil and gas of the state of California to stop such removal. On July 27, 1931, plaintiff's attorney notified the division of oil and gas in writing of its intention to remove the balance of this equipment and requested a written consent. To this request the division replied in writing that when plaintiff gave it notice of intention to do the work specified in the writing an approval would be given for removal. The work required was to remove the drill pipe to a depth of 540 feet and to place a solid cement plug in the well from 540 feet to 500 feet, and to cap the 14-inch conductor casing at the surface and leave it full of heavy fluid.

On April 11, 1932, a decree quieting title in defendant Bank of America to the real property covered by the lease against the leasehold claims of the former lessee and this plaintiff, among many others, was entered. On July 2, 1932, plaintiff by its attorney sent a letter to defendant University City Syndicate, reciting that plaintiff was the owner of the equipment described in the complaint herein, that it understood that the Bogumill lease had been canceled and that defendant had retaken possession of the property. The letter then proceeded thus: "On behalf of the California Machinery & Supply Company, Ltd., I hereby make demand upon you for the immediate delivery of this equipment. I wish to advise you that the Commissioner of Oil and Gas has heretofore refused to allow us to remove this equipment by reason of the fact that gas is escaping from the well and that the same must be properly abandoned. I wish further to advise you that we will look to you to get the proper release from the Commissioner of Oil and Gas and immediately deliver this property to California Machinery and Supply Company, Ltd." On July 5, 1932, defendant University City Syndicate replied to this letter stating in sub-

stance that the matter mentioned therein had been referred to its attorney and that he would take the matter up in due course. On July 11, 1932, the attorney for said defendant sent a letter to plaintiff's attorney stating that the matter had been referred to him and that he would be glad to discuss the situation at convenience. On September 1, 1932, plaintiff's attorney again wrote to the defendant, saying nothing had been done relative to the delivery of the equipment to plaintiff and suggesting that prompt attention be given to the matter. This letter was referred to defendant's attorney on September 2, 1932, and on September 29, 1932, the complaint in this action was filed.

From the foregoing history of the case it is quite apparent that there is no evidence to support the finding that defendants, on or about April 12, 1932 (the date of quiet title decree), wrongfully and without plaintiff's consent took from plaintiff's possession the said property, and had ever since withheld possession against its will. The only possession in defendants of any property shown by the evidence is the constructive possession of the real property on which the well and this equipment was located, resulting from the transfer of title and the quiet title decree. Nor is there any allegation or proof that plaintiff ever demanded possession of the property; but the allegation and proof is that plaintiff demanded delivery thereof, while the undisputed evidence shows that neither plaintiff nor defendants were permitted by law to remove the property from its location on defendants' real property until a consent had been first obtained from the division of oil and gas. Such consent was never obtained by either plaintiff or defendants, hence neither could lawfully remove the property. It seems to be plaintiff's theory in this action, and upon which the court's conclusions and judgment appear to be founded, that it became defendants' duty, as owners of the land on which the oil well was located, to comply with such conditions so as to secure consent to a removal of the personal property—equipment—and thereupon deliver the same to plaintiff.

Section 16 of Act 4916 (Deering's Gen. Laws, 1931, p. 2412) requires the owner or operator of any oil well, before abandoning the same, to do certain things in accordance with the methods approved by the state oil and gas supervisor. Section 16a provides that "No person . . .

whether as principal, agent, servant, employee or otherwise, shall remove any rig, derrick or other operating structure, or the casing or any portion thereof, from any well referred to in this act, without first giving written notice to the supervisor. . . . The supervisor . . . shall, before the proposed date of removal, furnish the person . . . with a written report of approval of his proposal, or a written report stating what work must be done before approval to remove will be given.'' Violation of any provision of this act is declared a misdemeanor.

Here we find the reason for the *impasse* which prevented plaintiff from recovering possession of its personal property. It consisted in the provisions of the law and the order of the oil and gas supervisor, coupled with the necessity to expend money to comply with such order. There is no evidence in the record which even intimates that defendants had any objection to plaintiff's removal of the property in question, or that defendants ever refused plaintiff the privilege of entering the real property to do the things required and remove its property. On the contrary, plaintiff had removed a portion when stopped by the oil and gas supervisor. Replevin is based on the supposition that plaintiff has a general or special property in the goods in dispute and a right to their immediate possession, and that defendant stands in the way of the exercise of this right. (*Garcia* v. *Gunn,* 119 Cal. 315 [51 Pac. 684].) There is no evidence herein tending to show that defendants stood in the way of plaintiff in any effort to retake or remove the property, but on the contrary it is manifest that the cause of plaintiff's failure to secure possession was the refusal of the supervisor of oil and gas to permit such removal until the conditions he imposed had been complied with. There was no duty on the defendants as owners of the realty to comply with said order and to remove and make actual delivery to plaintiff of the personal property in question. (*Fifield* v. *Maine Central R. R. Co.,* 62 Me. 77; *Dame* v. *Dame,* 38 N. H. 429 [75 Am. Dec. 195].) On the other hand, we find in the conditional agreement of sale between plaintiff and Bogumill a clause (No. 10) which provides that in event plaintiff elected to retake possession of the property described therein, then the buyer, Bogumill, agrees to pay the seller any expenses incurred by the seller in recovering

the possession of said property. In the absence of any proof that defendants ever objected or refused to let plaintiff retake the property, or to enter the real property for the purpose of complying with the conditions imposed by the supervisor of oil and gas, the findings above referred to must fall for lack of support, and with them the judgment must go likewise.

As another trial would not be productive of any other or different evidence, and to the end that this case may be disposed of on one appeal, it is ordered that the judgment be and the same is reversed, and the cause remanded with directions to enter judgment in favor of defendants.

Stephens, P. J., and Crail, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.