Landis Machine Company, a Corporation, v. Konantz Sadd-
lery Company, a Corporation.

Opinion filed April 22, 1908.

**Appeal — Review — Directed Verdict.**

1. On an appeal from a judgment, the failure to renew a motion
for a directed verdict at the close of the testimony, or to make a new
motion for a directed verdict, precludes a review of the correctness
of a · ruling on a motion for a directed verdict made at the close
of plaintiff's case.

**Same — Sufficiency of Evidence.**

2. Where no motion for a new trial is made, the sufficiency of
the evidence to sustain a verdict cannot be reviewed.

**Judgment Notwithstanding the Verdict.**

3. A motion for judgment notwithstanding a verdict is not proper
where no motion for a directed verdict was made at the close of
plaintiff's case.

**Trial — Objection to Evidence.**

4. An objection to the offer of notes or documents in evidence,
as incompetent, irrelevant and immaterial, is too general, and does
not raise an objection thereto that the execution of the notes has
not been proven.

**Appeal — Harmless Error.**

5. The admission of hearsay evidence is not prejudicial error,
when the objecting party thereafter establishes by his own evidence
the facts testified to, based on hearsay.

Appeal from District Court, Ward County; *Goss, J.*

Action by the Landis Machine Company against the Konantz
Saddlery Company. Judgment . for plaintiff, and defendant ap-
peals.

Affirmed.

*Le Sueur & Bradford,* for appellant.
*Geo. H. Gjertsen,* for respondent.

· Morgan, C. J. This is an action for damages for the conversion
of a harness stitching machine alleged to have been owned by the
plaintiff under a conditional sale contract. The plaintiff sold the
machine to the firm of Birch & Fladagar, to be paid for in install-

ments, and each note representing an installment to be paid, provided that the title to the machine should remain in the seller until it was fully paid for. Before final payment, the purchasers sold the machine to the defendants, who took the same into its possession and refused to turn it over to plaintiff after due demand. Damages are claimed in the sum of $150. The defendant answered by denying that it wrongfully converted the machine. There was a verdict for the plaintiff for the sum of $150 and interest. Defendant made a motion for a judgment notwithstanding the verdict, which was denied. Judgment was entered on the verdict, and defendant has appealed.

There are numerous assignments of error, but some of them cannot be considered, as the record does not properly present them. At the close of plaintiff's case, the defendant moved for a directed verdict in its favor, and the motion was denied. Thereafter the defendant introduced its testimony and rested. No motion was made by it for a directed verdict after it had rested or after the taking of testimony closed, nor was the former motion renewed. The fact that no motion was made for a directed verdict after the testimony closed, or the former motion renewed, precludes the defendant from claiming error in denying the motion that was made at the close of plaintiff's case. Introducing testimony after such a motion is denied, without a renewal of the former motion, is a waiver of the right to have the motion reviewed.

Defendant also made a motion for judgment notwithstanding the verdict after the verdict was returned, and that motion was denied. No error can be predicated on that ruling for the reason that no motion for a directed verdict was made at the close of the taking of the testimony. The statutory prerequisites to the making of that motion must all be complied with before it can properly be made. The statute expressly provides that the motion is to be made where a motion for a directed verdict has been made at the close of the testimony in the case tried, and has been denied. This precludes the right to make that motion unless preceded by a motion for a directed verdict at the close of the testimony. See chapter 63, page 74, Laws 1901.

The appellant claims that the verdict for the plaintiff is not sustained by the evidence. No motion for a new trial was made. Without such a motion the evidence cannot be reviewed to determine whether the verdict is sustained or not. The language of section

7226, Revised Codes 1905, is explicit on this point, wherein it provides: "But questions of fact shall not be reviewed in the supreme court in cases tried before a jury unless a motion for a new trial is first made in the court below." See, also, McNab v. N. P. Ry., 12 N. D. 568, 98 N. W. 353; Ness v. Jones, 10 N. D. 587, 88 N. W. 706, 88 Am. St. Rep. 755; Henry v. Maher, 6 N. D. 413, 71 N. W. 127; Myers v. Longstaff, 14 S. D. 98, 84 N. W. 233.

Certain rulings in the admission of evidence are assigned in the brief as errors. The introduction of the notes in evidence is claimed to have been erroneous for the alleged reason that their execution was not proven. No objection was made to their introduction on that ground. The trial court was not apprised by the objection made of its precise ground and could not possibly infer from the objection made that it was based on the ground that no foundation had been laid for their introduction. The objection made is that they are incompetent, irrelevant, and immaterial.

Objections were also made to evidence received on behalf of the plaintiff showing what was said by defendant's representative as to whom he was acting for when the machine was taken from the possession of Birch & Fladagar. If it should be conceded that it was error to receive this evidence, it would clearly be without prejudice. The defendant thereafter admitted the taking of the machine, and it claimed the right to take it as a purchaser without notice. Whether the evidence justifies the verdict on this point, we cannot determine, for the reason that the verdict must be deemed conclusive, in the absence of a motion for a new trial.

The abstract contains no specifications of the errors relied on for a reversal of the judgment. The briefs of both parties are not folioed. The absence of these requirements have all been overlooked by us in view of the fact that the record and briefs are not long ones. The necessity of specifications of the errors relied on will not ordinarily be overlooked, nor will the record be explored to determine whether the statement of the case as settled contains the required specification of errors.

Finding no error on the trial or upon the judgment roll, and it appearing that the judgment roll sustains the verdict, the judgment is affirmed. All concur.