# JOSEPHINE ATTEBURY v. R. F. JONES.[1]

December 19, 1924.

No. 24,320.

**Question of defendant's negligence in care of slot machine for jury.**
  Whether defendant was negligent in maintaining a slot machine on a low shelf (to which it was not fastened) in a public amusement place in such a manner that a child, a patron of the place, could and did pull the machine from the shelf, personal injury resulting, was for the jury.

Action in the district court for Hennepin county by the mother and natural guardian of her minor child, to recover $20,000. The case was tried before Baldwin, J., and a jury which returned a verdict for $2,000. From an order granting defendant's motion for judgment notwithstanding the verdict, plaintiff appealed. Reversed.

  *John D. Greathouse* and *A. T. Larson*, for appellant.
  *Brady, Robertson & Bonner*, for respondent.

STONE, J.

Action to recover damages for personal injuries suffered by a 4-year-old girl. A verdict for plaintiff was set aside and judgment ordered for defendant. This appeal by plaintiff raises the single question as to whether there was any proof of negligence on the part of defendant.

The accident occurred at Longfellow Gardens, a public amusement place operated by defendant in Minneapolis. The attractions by way of menagerie and otherwise are especially tempting to children, who visit the place in large numbers. An admission fee is charged.

At the time in question, a portion of an open balcony or sun-room was used to some extent as a waiting-room. Therein were chairs for the use of patrons desiring to pause for a brief rest. On one side was a shelf about 3 feet from the floor, upon which was placed

[1]Reported in 202 N. W. 337.

a slot machine or automatic vending apparatus of a kind frequently seen in such places. The shelf had a slight tilt to the rear so that the machine leaned backward a trifle, and against a large post· to which the shelf was fastened. The slot machine was a box-like affair about a foot wide and 16 inches high. It weighed 25 pounds. Its front was so equipped with colored signs and display reading matter that a jury finding that it might be expected to attract the attention of a child would not be open to just criticism.

The testimony as to how the little girl was injured is conflicting. That for plaintiff was to the effect that while the two elder members of her party were sitting nearby and otherwise engaged, she went to the shelf with a coin in an attempt to operate the machine; that she was barely able to reach the lower front edge by standing on tip-toe; that she did so reach the machine and in some way pulled it off the shelf forward and down onto herself, resulting in the injury complained of.

The testimony for the defense was that the little girl was not attempting to operate the machine, but had climbed up on a rocking chair standing near the shelf, started to fall, and in doing so grabbed the machine in an effort to save herself apparently, and so pulled it down.

A majority of the court is of the opinion that, whichever view of the case is taken, there was a question as to defendant's negligence which should have gone to the jury. He was under a duty to exercise due care for the protection of his patrons, old or young. The machine in question, the result demonstrated, was within reach of a child whose curiosity may have been excited by it. That being the case, there is room for the opinion, on the facts, that the machine should have been so fastened as to protect a child on pleasure bent who, through the curiosity characteristic of tender years, might be led into such an investigation or attempted use of the machine as could lead to accident otherwise. It is a situation where reasonable minds, addressing judicial attention to the problem, may arrive at different conclusions with respect to defendant's conduct—some deeming it due care and others negligence. For that reason the order appealed from is reversed and the case, when remanded, will

stand for disposition upon defendant's motion for a new trial which was not acted upon because of the granting of the motion for judgment.

So ordered.

## ON REHEARING.

On February 27, 1925, the following opinion was filed:

STONE, J.

Although, and with some cause, the original opinion has been construed by counsel as invoking the attractive instrumentality rule of the turntable cases, it was not so intended. The negligence of defendant, if any, is referable to a failure to use due care to keep his premises in a safe condition for their intended use by the public, particularly children, as a place of amusement. The probable attractiveness of the machine to the curiosity or appetites of childhood is a mere detail.

The writer is still of the opinion, as he has been from the start, that the tale of the witnesses for plaintiff that the little girl (who at the time of the accident was something under 3 years old instead of 4 as originally stated) pulled the machine off the shelf while she was standing on the floor, is impossible. She was barely able to reach the coin receivers, which were not to exceed 4 inches above the base of the machine, with her fingers. The resulting pull would be directly downward. The center of gravity of the 25-pound machine was so low and so well to the rear that it was impossible for it to be displaced in that manner. There has been a suggestion, which the evidence in no wise supports, that the machine was pulled outward on its shelf far enough so that a slight pull would topple it over. Because of that possibility, the majority is of the opinion that, even on the testimony of plaintiff's witnesses, there was a case for the jury.

On a new trial, if there is one, if the testimony for plaintiff is the same as on the first trial, it will be for the judge to determine whether the jury should be instructed that testimony, however positive, is not to be accepted when its falsity is demonstrated by physical facts conclusively established by other evidence.

We adhere also to the original opinion upon the other question argued on rehearing, and again conclude that it was possible for the jury to predicate negligence upon the failure of defendant so to secure the machine that it could not have been misplaced in the manner disclosed by the testimony for defendant. His witnesses indicated that the little girl, in order to operate the machine, pulled a rocking chair close to the shelf for that purpose and that she climbed into the chair and while attempting to operate the machine, or, as she was about to make that attempt, fell and pulled the machine down with her. Whether negligence is to be predicated upon such a showing is a question concerning which, we repeat, reasonable minds functioning judicially may arrive at different conclusions. That being so, a verdict based on such testimony ought not to be disturbed.

An important circumstance contributing to that conclusion is the fact that the institution where the accident occurred catered to children. Displayed there are many things attractive to the instincts of childhood. Children congregate there in large numbers and under those circumstances a jury is not to be criticised for finding that instrumentalities likely to become the object of a child's curiosity and to work injury if unsecured, should be so secured as to prevent any such result.

The original opinion is adhered to.