[Civ. No. 5057.  First Appellate District, Division One.—October 27, 1926.]

HELEN H. CUSHMAN et al., Appellants, v. THE CLIFF HOUSE et al., Respondents.

[1] BAILMENTS — DEPOSIT OF PERSONAL PROPERTY IN CHECKROOM OF RESTAURANT—CONVERSION—EVIDENCE—VERDICT.—In this action by a patron of a restaurant to recover the value of certain personal property deposited in the checkroom provided for such purpose by the proprietor, and for the conversion of such property, it is held that the evidence was insufficient to support the implied finding of the jury that the property described was not deposited as alleged, or that there was a redelivery thereof to plaintiff.

[2] JUDGMENTS—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT — TIME—TRIAL.—Under section 629 of the Code of Civil Procedure, a motion for judgment notwithstanding the verdict must be made before the entry of judgment on the verdict, and as a condition to such motion a motion for a directed verdict must be made at the trial.

(1) 6 C. J., p. 1162, n. 33.   (2) 33 C. J., p. 1186, n. 59, p. 1187, n. 77; 38 Cyc., p. 1711, n. 19.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion for judgment notwithstanding the verdict. T. I. Fitzpatrick, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

Samuel M. Samter and J. Jos. Posner for Appellants.

Harry I. Stafford and Harry K. Wolff for Respondents.

CASHIN, J.—An action to recover the value of personal property from defendants as bailees, the plaintiffs alleging in two counts, first, the violation of a contract of bailment by failure to redeliver on demand, and, second, a conversion of the property, these allegations being denied by defendants.

The cause was tried by a jury and a verdict for the defendants returned. Following the entry of judgment thereon plaintiffs moved for judgment notwithstanding the verdict, and for a new trial, both motions being denied. Appeals were taken from the order denying the first motion and from the judgment, and are presented on the judgment-roll with a bill of exceptions.

Appellants urge as grounds for reversal the denial of the motion first mentioned, the insufficiency of the evidence to sustain the verdict, rulings of the trial court on the admissibility of evidence, and the giving and refusing of certain instructions.

Defendant Roberts at all the times mentioned° in the complaint was the proprietor of a restaurant in the city of San Francisco known as the Cliff House; and defendant Landman, by agreement with the former, conducted a checkroom adjoining the restaurant, which was in charge of the latter's employee, whose duty it was to receive the hats and coats of the patrons of the restaurant; to give a check therefor as a means of identification, and to redeliver the article deposited on presentation of the check, no specific charge for the service being made.

It was alleged and testified by plaintiff, Helen H. Cushman, that on the evening of December 31, 1923, she, in company with her husband and others, visited the restaurant mentioned, where they spent the evening; that she deposited her coat—in the pockets of which were two pairs of gloves— in the checkroom; received from the attendant in charge a check therefor, and that later the check was presented and demand made for her property, which defendants failed to

deliver. Her testimony was corroborated by the persons who accompanied her on this occasion. As shown by the testimony, a large number of persons were present, and it does not appear that the defendants or their employees were personally acquainted with said plaintiff, or that a means of identifying property deposited in the checkroom was provided other than the checks issued therefor. One of such checks was offered in evidence and bore on its face the following: "54— Cliff House. Not responsible for lost articles unless claim is made before leaving," and on the reverse side: "Phone Pacific 8140. Pacific Auto Service, Fred L. Landman. Notify hat checker. Immediate service."

Defendants' denials of the allegations of the facts of the deposit and their failure to redeliver were unsupported by direct evidence. Witnesses, from whose testimony inferences supporting the defense were sought to be drawn, testified in substance that said plaintiff during the evening mentioned demanded the delivery of the property described, but was unable to produce a check therefor, and that later a check was tendered; that in the meantime plaintiff, with others who accompanied her, were admitted to the checkroom for the purpose of searching for the property; that there was kept therein a box of checks similar to the one admitted in evidence which were accessible to plaintiff and her companions; that it was stated by her when a check was subsequently tendered that it had been lost in the restaurant and later found by one of her party. Plaintiff denied the loss of the check, and testified to the identity of the check in evidence with the one received at the time of the alleged deposit. It further appears that the attendant was at times during the evening absent from the checkroom.

[1] The conclusion that the check presented, as testified by plaintiff, was surreptitiously taken from the box of checks in the checkroom would be a pure conjecture unsupported by any fact other than the opportunity afforded for doing so. This evidence, with testimony that one of those in company with plaintiff temporarily lost a check in his possession, was the extent of the evidence adduced for the defense, and was insufficient to support the implied finding of the jury that the property described was not deposited as alleged, or that there was a redelivery thereof to plaintiff.

[2] The motion for judgment notwithstanding the verdict followed the entry of judgment thereon and was presented with the motion for a new trial.

Section 629 of the Code of Civil Procedure provides as follows:

"When a motion for a directed verdict, which should have been granted, has been denied and a verdict rendered against the moving party, the court, at any time before the entry of judgment, either of its own motion or on motion of the aggrieved party, shall render judgment in favor of the aggrieved party notwithstanding the verdict.

"A motion for judgment notwithstanding such verdict may also be made in the alternative form, asking therefor and reserving, if that be denied, the right to apply for a new trial. If the motion for a directed verdict or for judgment notwithstanding the verdict be denied, the trial court on motion for new trial, or the appellate court on appeal from the judgment, may order judgment to be so entered when it appears from the whole evidence that a verdict should have been so directed at the trial; and when the motion is made in the alternative form the court may also so order on appeal from the order denying such motion for judgment notwithstanding the verdict, whether a new trial was granted or denied."

The legislature in enacting the section adopted in substance the provisions of similar statutes of Minnesota (Gen. Stats., Supp. 1917, sec. 7998) and North Dakota (Rev. Codes; Stats. 1905, sec. 7044). Its provisions manifestly require, in accordance with the general rule (33 Cor. Jur., Judgments, sec. 117, p. 1187; 14 Standard Ency. of Proc., Judgments, p. 968), that the motion for judgment notwithstanding the verdict be made before the entry of judgment thereon, and that as a condition to such motion a motion for a directed verdict be made at the trial, such being the interpretation given its provisions by the decisions of the states mentioned (*Sayer* v. *Harris Produce Co.,* 84 Minn. 216 [87 N. W. 617]; *Knight* v. *Martin,* 124 Minn. 191 [144 N. W. 941]; *Funkley* v. *Ridgeway,* 158 Minn. 265 [197 N. W. 280]; *Landis Machine Co.* v. *Konantz Saddlery Co.,* 17 N. D. 310 [116 N. W. 333]; *Gross* v. *Miller,* 15 N. D. 755 [200 N. W. 1012]).

In view of our construction of the section and the fact that no motion for a directed verdict was made at the trial, or for judgment notwithstanding the verdict until after the entry of judgment thereon, the latter motion was properly denied.

An examination of the record discloses no error in the rulings of the trial court on the admissibility of the evidence, and the instructions given covered in substance all that was included in those offered by appellants and refused.

It being our conclusion that the evidence was insufficient to support the verdict for defendants, the judgment entered thereon is reversed; and for the reasons stated the order denying the motion for judgment notwithstanding the verdict is affirmed.

Tyler, P. J., and Knight, J., concurred.