[Civ. No. 7893. First Appellate District, Division One.—November 28, 1931.]

In the Matter of the Estate of MARY EASTON, Deceased. SAMUEL DIXON et al., Appellants, v. SARAH HARTNETT et al., Respondents.

Edwin L. Forster and Walker Peddicord for Appellants.

Robert McMahon, John P. Doran and Andrew F. Burke for Respondents.

THE COURT.—This is an appeal by the contestants of decedent's will from a judgment in favor of the proponents, rendered by the court notwithstanding a verdict of a jury finding that the will was procured by undue influence.

Section 629 of the Code of Civil Procedure, authorizing the rendition of a judgment *non obstante veredicto,* reads as follows: "*When a motion for a directed verdict, which should have been granted, has been denied* and a verdict rendered against the moving party, the court, at any time before the entry of judgment, either of its own motion or on motion of the aggrieved party, shall render judgment in favor of the aggrieved party notwithstanding the verdict. . . . ''  (Italics ours.) And in construing said section it has been definitely held that the making of the motion for a directed verdict during the trial of the action is a necessary prerequisite to the rendition of such a judgment. (*Cushman* v. *Cliff House,* 79 Cal. App. 572 [250 Pac. 575]; *Estate of Yale,* 214 Cal. 115 [4 Pac.

(2d) 153].) As pointed out in the Cushman case, the legislature in enacting said section adopted in substance the provisions of similar statutes of Minnesota and North Dakota, and in those states, too, it has been held that judgment *non obstante veredicto* can be granted only when a motion for a directed verdict was made at the trial. (*Knight* v. *Martin In re Martin's Estate*), 124 Minn. 191 [144 N. W. 941]; *Landis Mach. Co.* v. *Konantz Saddlery Co.*, 17 N. D. 310 [116 N. W. 333].)

In the present case no such motion was made or presented. All that respondents did was to hand to the court, at the conclusion of the evidence, a paper reading as follows:

"Instructions.

"I.

"Were Robert McMahon and Marie Cunningham present at the time Mary Easton's name was subscribed to said will?

"You are instructed to answer this question in the affirmative.

"II.

"Did Mary Easton by words or conduct indicate to Robert McMahon and Marie Cunningham that said instrument was her will and that she wished them to sign the same as witnesses?

"You are instructed to answer this question in the affirmative.

"III.

"Did Robert McMahon and Marie Cunningham sign said will in the presence of Mary Easton and in the presence of each other?

"You are instructed to answer this question in the affirmative.

"IV.

"Was Mary Easton procured to make said will by undue influence of Lucy Hartnett or Margaret Eckenroth or Sarah Hartnett or either or one of them or by undue influence of any other person whomsoever?

"You are instructed to answer this question in the negative.

"V.

"Was Mary Easton at the time this will was made of sound mind?

"You are instructed to answer this question in the affirmative.

"VI.

"You are hereby instructed to return a verdict in this case in favor of proponents."

The court read the contents of the paper to the jury, except that it refused to direct a verdict on question IV (relating to undue influence) and left that issue open, to be determined by the jury. It also refused to give the general instruction at the end (paragraph VI).

Respondents contend that the submission of said paper to the court under the circumstances above stated was sufficient to meet the demands of the first clause of section 629, which requires that a motion for a directed verdict shall be made. We are unable to sustain this contention.

In its nature a motion for a directed verdict is the same as a motion for nonsuit, a demurrer to the evidence (*Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108 [291 Pac. 184]), the right of the court to direct a verdict, touching the condition of the evidence, being absolutely the same. (*Estate of Caspar*, 172 Cal. 147 [155 Pac. 631]; *Newson* v. *Hawley*, 205 Cal. 188 [270 Pac. 364]; *Card* v. *Boms*, 210 Cal. 200 [291 Pac. 190].) Evidently, therefore, the main purpose of the statute in requiring such a motion to be made as a condition precedent to the exercise of the court's power to render judgment *non obstante veredicto* is to give the party against whom the motion is directed an opportunity to introduce whatever further and additional evidence he may have at hand to overcome the grounds of the motion. Such is the apparent interpretation given the section by the decision in the *Estate of Fleming*, 199 Cal. 750 [251 Pac. 637, 638], wherein the court was considering the effect of the denial of a motion for a directed verdict based on insufficient grounds; and it was said: "Had the motion for a directed verdict been granted on an assignment of grounds which was insufficient, and the contestant thereby deprived of the opportunity to meet objections, which should have been more precisely stated, by introducing other evidence, she would be in position to complain." Here, as stated, no motion whatever, oral or written, was made by respondents; nor does it appear that appellants knew of the contents of the paper submitted by respondents to the

court; therefore, appellants were afforded no opportunity to supply additional testimony to meet, if they could, the grounds of respondents' objections to the sufficiency of the evidence. It follows, therefore, that since respondents failed to comply with the provisions of said code section by omitting to present a motion for a directed verdict, and the verdict was against them, the court was without authority to render judgment in their favor contrary to the verdict. All that it could do under the circumstances was to grant a new trial, after the entry of judgment in conformity with the verdict.

In view of the conclusion we have reached on this branch of the appeal, the question of the sufficiency of the evidence which appellants also urge as a ground of appeal becomes immaterial. The judgment is reversed, with directions to enter judgment in accordance with the verdict, and thereafter to hear and determine such other and further proceedings as may be necessary to a final disposition of the cause.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 28, 1931, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1932.

Curtis, J., and Preston, J., dissented.