[Civ. No. 7975. First Appellate District, Division One.—October 7, 1932.]

ROBERT MACHADO, a Minor, etc., Appellant, v. MAUDE I. WESTON, Respondent.

MILDRED MACHADO, a Minor, etc., Appellant, v. MAUDE I. WESTON, Respondent.

John H. Machado, A. Andreuccetti and William L. Southwell for Appellants.

Charles W. Haswell and Bohnett, Hill & Campbell for Respondent.

KNIGHT, J.—At the trial of these consolidated actions to recover damages for personal injuries sustained by plaintiffs

in an automobile accident, verdicts were rendered against the defendants for the total sum of $3,500, and judgments in conformity therewith were entered by the clerk on the same day. Nine days afterward Maude I. Weston, one of the defendants, served and filed in each action notice of motion to set aside the judgment and to re-enter the same in her favor, *non obstante veredicto;* and approximately a month later the trial court granted the motions. From the orders made in that behalf plaintiffs prosecute these appeals.

Section 629 of the Code of Civil Procedure, from which the trial court derives its authority to hear and determine motions of the kind here granted, provides that *"when a motion for a directed verdict, which should have been granted, has been denied* and a verdict rendered against the moving party, the court, at any time *before* the entry of judgment, either of its own motion or on motion of the aggrieved party, shall render judgment in favor of the aggrieved party notwithstanding the verdict . . . "* (italics ours), and by recent cases it has been definitely settled that failure to make a motion for a directed verdict during the trial of the action precludes the exercise of the authority granted by said code section. (*Cushman* v. *Cliff House,* 79 Cal. App. 572 [250 Pac. 575]; *Estate of Yale,* 214 Cal. 115 [4 Pac. (2d) 153]; *Estate of Easton,* 118 Cal. App. 659 [5 Pac. (2d) 635].) In the present cases no motions for directed verdicts were ever made; and it follows, therefore, that the trial court's action in setting aside the judgments against respondent and re-entering the same in her favor, *non obstante veredicto,* cannot be sustained.

Respondent points out that prior to the submission of the cases to the jury she proposed an instruction directing a verdict in her favor, and that the trial court refused to give the same, which she contends was the equivalent of presenting a motion for a directed verdict and a denial thereof. The same contention, based on similar facts, was made in the *Estate of Easton, supra* (decided several months subsequent to the rulings of the trial court in the present actions), and was held to be without merit. The decision in that case was afterward taken before the Supreme Court on petition for hearing before that court, and the petition was denied.

In the *Estate of Easton, supra,* also, as here, the record failed to show that the appellant was cognizant of the fact that an instruction for a directed verdict had been proposed; and in this connection respondent calls attention to certain language used in *Ramos* v. *Service Brothers,* 118 Cal. App. 432 [5 Pac. (2d) 623], decided about the same time the decision in the *Estate of Easton, supra,* was rendered, to the effect that it will be presumed that all instructions proposed by the respective parties were served on each other in conformity with the requirements of section 607a of the Code of Civil Procedure. But whether or not such knowledge be imparted would seem to make little difference, because, as shown, under the ruling of the cases above cited the making of a motion during trial for a directed verdict is a necessary prerequisite to the exercise of the authority granted to the trial court by said section 629.

Moreover, as will be observed, the provisions of said section declare that the authority to enter judgment *non obstante veredicto* may be exercised at any time *before* the entry of judgment on the verdict; and here no steps were taken by respondent to invoke the provisions of said section, nor were the motions presented or granted until long after the judgments were entered in accordance with the verdicts; and to make the rulings effective it was first necessary to set said judgments aside. Therefore, in any event, the proceedings initiated by respondent's motions were not had within the period of time allowed therefor by said code section.

As claimed by respondent, however, her motions for judgment *non obstante veredicto* were made in the alternative, as permitted by said code section, so as to reserve the right to apply for a new trial in the event the motions were denied; and that simultaneously therewith she filed motions for new trial. Therefore the orders appealed from are reversed, with directions to the trial court to re-enter the judgments in favor of plaintiffs in accordance with the verdicts, and thereupon to hear and determine respondent's motions for new trial.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 5, 1932, and an

application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 2, 1932.