[L. A. No. 13351. In Bank.—November 23, 1932.]

In the Matter of the Estate of JOHN CALDWELL, Deceased. GLADYS ANNA CALDWELL, a Minor, etc., Appellant, v. H. T. BROWN et al., Respondents.

Frank G. Howe and Ernest P. Wellman for Appellant.

F. D. Catlin for Respondents.

WASTE, C. J.—This cause was taken over after decision in the District Court of Appeal, Second Appellate District, Division Two, in order that we might more thoroughly consider the questions of law involved. An examination of the authorities satisfies us as to the correctness of the opinion heretofore prepared by Mr. Justice Fricke, *pro tempore,* and we hereby adopt the same as and for the decision of this court. It reads:

'This is an appeal from a judgment notwithstanding the verdict of the jury.

"Appellant's first point is that the order granting a motion for judgment notwithstanding the verdict is erroneous for the reason that such a motion can only be granted where the moving party before verdict has requested the court to direct a verdict in his favor.

"Section 629, Code of Civil Procedure, providing for the granting of a judgment notwithstanding the verdict, so far as it applies to the question before us, reads: 'When a motion for a directed verdict which should have been granted, has been denied and a verdict rendered against the moving party, the court at any time before the entry of judgment, either of its own motion or on motion of the aggrieved party, shall enter judgment in favor of the aggrieved party notwithstanding the verdict.' By the language of this provision the making and denial of a motion for a directed verdict is made a condition precedent to the entry of a judgment notwithstanding the verdict. In the absence of such a motion and its denial the court was not authorized to grant ·a motion for judgment notwithstanding the verdict.

(*In re Estate of Easton,* 118 Cal. App. 659 [5 Pac. (2d) 635].)

"Respondents do not urge that this is not the law but contend that a motion for a directed verdict was made and in support of this contention refer to three matters in the record—a recital in the judgment; a statement by counsel and the court's response; and the refusal of a requested instruction to the jury to find for defendants.

"Respondents contend that the recital in the judgment that a motion for a directed verdict was made and denied is conclusive. While a recital in a judgment is conclusive as to the actions of the trial court where there is no bill of exceptions or reporter's transcript or other portion of the record showing the facts, this is not the rule where the record on appeal, as here, includes the reporter's transcript, duly certified as comprising a full, true and correct transcript of 'all rulings, instructions, acts and statements of the court', and such transcript shows neither the making nor the denial of a motion for a directed verdict, evidence quite conclusive that no such motion was ever made or ruled upon by the trial judge. Where the record shows, as it does here, that an essential prerequisite to the entry of a judgment notwithstanding the verdict did not exist, the record must prevail over the recital in the judgment where such judgment is attacked upon the ground that the prerequisite had no existence and that the recital in the judgment is not sustained by the record. (*Stow* v. *Superior Court,* 178 Cal. 140, 144 [172 Pac. 598]; *Houghton* v. *Tibbets,* 126 Cal. 57 [58 Pac. 318].)

"The nearest support for respondents' claim appearing in the reporter's transcript is a conversation between court and counsel had in the chambers of the judge at his request in which, in addition to a discussion of other matters, the following appears: 'Mr. Catlin: Why, Your Honor, we intend to ask for an instructed verdict. It seems that the court under the circumstances in a case of this kind—it would take up the time of the Court, if they were not to follow the instructions and evidence, and immediately the court would— The Court (interposing): Well, I will be frank with you. As far as I am concerned, I prefer to let it go to the jury, but I don't hesitate to tell you, as far as that is concerned, what my position is on the matter

under the evidence, but I would prefer to let the matter go to the jury. I have my prerogatives after the jury gets through.' This statement of respondents' counsel that he intended to ask for an instructed verdict was not a motion for an instructed verdict. A motion is an application for an order (sec. 1003, Code Civ. Proc.) and counsel's statement of what he intended to do was not an application for an order. Neither can the language of the court, though indicating perhaps that his opinion on the facts favored the cause of respondents, be considered an order. An order is a direction of a court or judge, made or entered in writing, and not included in a judgment. (Sec. 1003, Code Civ. Proc.)

■ ''Respondents' contention that the refusal of a requested instruction for a verdict in their favor is the equivalent of a denial of a motion for a directed verdict is not supported by authority and the case of *In re Estate of Easton, supra,* is authority directly against that contention. Respondents suggest that no such ruling was intended by the opinion in the Easton case. A reading of that opinion contradicts this contention, for the court there says, 'Evidently, therefore, the main purpose of the statute in requiring such a motion (for a directed verdict) to be made as a condition precedent to the exercise of the court's power to render judgment *non obstante veredicto* is to give the party against whom the motion is directed an opportunity to introduce whatever further and additional evidence he may have at hand to overcome the grounds of the motion.' Furthermore, the act of handing to the court of a proposed instruction is not a motion nor is the refusal of a requested instruction an order denying a motion. (Sec. 1003, Code Civ. Proc.)''

In support of the proposition that the making of a motion for a directed verdict is a condition precedent to the entry of judgment *non obstante veredicto,* see, also, *Estate of Yale,* 214 Cal. 115 [4 Pac. (2d) 153]; *Estate of Fleming,* 199 Cal. 750 [251 Pac. 637]; *Wayland* v. *Latham,* 89 Cal. App. 55 [264 Pac. 766]; *Cushman* v. *Cliff House,* 79 Cal. App. 572, 575 [250 Pac. 575], and authorities there cited.

It follows that since respondents failed to comply with the provisions of the code section by omitting to present

a motion for a directed verdict, the court below was without authority to render judgment in their favor contrary to the verdict. All that it could do under the circumstances was to grant a new trial, after the entry of judgment in conformity with the verdict. ■ However, the fact that the court misconceived its authority in the particular mentioned does not preclude the respondents, if they be so advised, from moving for a new trial upon the statutory grounds, including insufficiency of the evidence to support the verdict, within the required time after notice of the entry of the judgment hereinafter directed to be entered. (Sec. 659, Code Civ. Proc.; *Bond* v. *United R. R. Co.,* 169 Cal. 273 [146 Pac. 688]; *Tupman* v. *Haberkern,* 208 Cal. 256 [280 Pac. 970].)

The judgment is therefore reversed, with directions to the trial court to enter judgment in accordance with the verdict, and thereafter to hear and determine such other and further proceedings as may be necessary to a final disposition of the cause.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Tyler, J., *pro tem.,* concurred.