[Civ. No. 8076. Second Appellate District, Division Two.—December 19, 1932.]

ROY TONG, Respondent, v. SUN REALTY COMPANY, Appellant.

George L. Greer for Appellant.

Lasher B. Gallagher for Respondent.

THOMPSON (IRA F.), J.—Heretofore the respondent made a motion to dismiss this appeal, which motion was denied. ( Cal. App.) 14 Pac. (2d) 127. ▇ He has now moved for an affirmance of the judgment upon the ground that the appellant has failed to print sufficient of the record to justify a reversal, and in particular he points to the fact that the only point raised by appellant is that the court erred in its refusal to direct a verdict in its favor. This claimed error is founded upon an instruction requested by appellant and refused by the court directing

the jury to return a verdict for the defendant and against the plaintiff. The respondent argues that appellant cannot predicate his claim of error upon a refusal to give the instruction but must have made a motion for a directed verdict, and if that were denied, to have taken an exception to the order of the court. He cites in support of his contention *Estate of Easton*, 118 Cal. App. 659 [5 Pac. (2d) 635], but that case is only authority for the proposition that a motion for a directed verdict is a necessary prerequisite to a subsequent motion for a judgment *non obstante veredicto*. There is good reason for the rule of law there announced. That is quite a different thing, however, from saying that the appellant is not entitled on an appeal to a review of the evidence where the court refuses to give a requested instruction which in effect tells the jury that there is no substantial evidence to support a verdict for the plaintiff. The substance of appellant's claim of error is that the evidence is insufficient to support the verdict and we ought not to be supercritical of the letter in which the specification of error is couched, where the real question on the appeal is patent.

Motion denied.

Works, P. J., and Stephens, J., *pro tem.*, concurred.