[Civ. No. 9200. First Appellate District, Division One.—October 18, 1933.]

DUDLEY D. SALES, Respondent, v. A. O. STEWART, Appellant.

McCutchen, Olney, Mannon & Greene for Appellant.

Harry I. Stafford and Keyes & Erskine for Respondent.

THE COURT.—A motion to dismiss an appeal from an order denying a motion for judgment notwithstanding the verdict.

The verdict was against the defendant, following which judgment was entered in due course. Previous to the submission of the cause to the jury, defendant moved the court for a directed verdict, which was denied. With his motion for a new trial defendant asked for judgment notwithstanding the verdict. A new trial was granted, but the motion for judgment was denied. From the latter order the appeal was taken.

No motion for judgment notwithstanding the verdict was made before the entry of the judgment on·the verdict. Plaintiff contends that under the provisions of section 629 of the Code of Civil Procedure this was necessary, and that such a motion made thereafter came too late.

The section reads as follows: "When a motion for a directed verdict, which should have been granted, has been denied and a verdict rendered against the moving party, the court, at any time before the entry of judgment, either of its own motion or on motion of the aggrieved party, shall render judgment in favor of the aggrieved party notwithstanding the verdict.

"A motion for judgment notwithstanding such verdict may also be made in the alternative form, asking therefor and reserving, if that be denied, the right to apply for a new trial. If the motion for a directed verdict or for judgment notwithstanding the verdict be denied, the trial court on motion for new trial or the appellate court on appeal from the judgment may order judgment to be entered when it

appears from the whole evidence that a verdict should have been so directed at the trial; and when the motion is made in the alternative form, the court may also so order on appeal from the other (order) denying such motion for judgment notwithstanding the verdict, whether a new trial was granted or denied."

The provisions of this section have been considered in several cases. In *Estate of Caldwell*, 216 Cal. 694 [16 Pac. (2d) 139], following the rendition of a verdict, but before the entry of judgment thereon, a motion for judgment notwithstanding the verdict was granted and judgment entered accordingly. However, no motion for a directed verdict was made, and it was held that in the absence of such a motion the court was not authorized under the statute to grant the motion for judgment.

*Cushman* v. *Cliff House*, 79 Cal. App. 572 [250 Pac. 575], principally relied upon by plaintiff, was an appeal from a judgment and from an order denying a motion for judgment notwithstanding the verdict. No motion for a directed verdict was made; but after the entry of judgment thereon there was a motion for judgment notwithstanding the verdict. It was held that under the section a motion for a directed verdict was in all cases a condition precedent to an order granting a motion for judgment notwithstanding the verdict, and that the latter motion must be made before the entry of judgment on the verdict.

After further consideration of the question we are satisfied for the reasons hereinafter set forth that the statement in the opinion that the latter motion must in all cases precede the entry of judgment on the verdict is not supported by the language of the section, nor do the cases from other jurisdictions therein cited go farther than to declare the rule followed in the Caldwell case.

The case of *Bolar* v. *Maxwell Hardware Co.*, 205 Cal. 396 [271 Pac. 97, 60 A. L. R. 429], also throws doubt on the correctness of the conclusion that a motion for a directed verdict must precede a motion for judgment made in the alternative form as provided by the section. However, that question is not involved here, as a motion for a directed verdict was duly made.

It has been said that the purpose of requiring a motion for a directed verdict as a condition to a motion for judgment

is to give the opposite party an opportunity to introduce further proof to meet objections made to the sufficiency of his case (*Estate of Fleming,* 199 Cal. 750 [251 Pac. 637]; *Estate of Easton,* 118 Cal. App. 659 [5 Pac. (2d) 635]); and the justice of this requirement seems clear whether the motion be made before or after the entry of judgment on the verdict.

Defendant contends that it was the legislative intention to permit such a motion both before and after the entry of judgment, and that consequently his motion was timely.

The wording of the act might reasonably create a doubt in this respect; and where such is the case the history of the enactment may be considered (*Monk* v. *Ehret,* 192 Cal. 186, 193 [219 Pac. 452]; *Crowe* v. *Boyle,* 184 Cal. 117 [193 Pac. 111]). The section, which was enacted in 1923, was proposed and its passage urged by the California Bar Association. It was drafted by the legislative committee of that body, and its provisions were discussed at the annual meeting of the association in 1922. These discussions indicate that the object of its proposers was to permit a motion for judgment to be made both before and after the entry of judgment on the verdict, the motion subsequent to such entry to be made in the alternative form, reserving the right to move for a new trial should the motion be denied. In addition the provision therein for a motion before judgment, and in case of a denial, that the trial court on a motion for a new trial, or the appellate court on appeal from the judgment, may order judgment to be so entered when it appears that a verdict should have been directed, considered with the last clause of the section, which provides that "when the motion is made in the alternative form the court may also order on appeal from the other (order) denying such motion for judgment notwithstanding the verdict whether a new trial was granted or denied" shows beyond a reasonable question that two motions for judgment *non obstante* were intended, an appeal from the order denying the motion if made after judgment being provided for by section 963 of the Code of Civil Procedure.

It is clear, we think, that defendant's motion was proper in the circumstances, and that the motion to dismiss the appeal should be denied.

The motion is denied.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 14, 1933.