[Civ. No. 9926. First Appellate District, Division One.—September 11, 1935.]

PHILLIP FERRAN, Petitioner, v. H. I. MULCREVY et al., Respondents.

Thomas C. Ryan for Petitioner.

A. B. Dunne and Dunne & Dunne for Respondents.

KNIGHT, J.—While standing between the double tracks of the Southern Pacific Company at Lomita Park Station in San Mateo County, waiting to board a northbound train, the petitioner, Phillip Ferran, was struck on the elbow by the overhang of the locomotive of a southbound train, and on account of the injuries he sustained he brought an action for damages against said company and John E. Monroe, the locomotive fireman. At the trial a jury awarded Ferran a verdict, but under the authority of section 629 of the Code of Civil Procedure the defendants in the action moved for judgment in their favor notwithstanding the verdict, reserving the right to apply for a new trial in the event the motion was denied; and the trial court granted the motion. Judgment in favor of defendants was entered accordingly. Ferran appealed, and the District Court of Appeal affirmed the judgment as to Monroe, but reversed it as to the Southern Pacific Company, with directions to the trial court to enter judgment in favor of Ferran and against said company in accordance with the verdict. The defendants then petitioned for and were granted a hearing by the Supreme Court, and subsequently the judgment of the trial court was reversed as to both defendants (*Ferran* v. *Southern Pac. Co.*, 3 Cal. (2d) 350 [44 Pac. (2d) 533]), but the Supreme Court decision embodied no directions to the trial court as to the nature of the proceedings that should be thereafter taken in the case, the language used being simply: ''The judgment is reversed.'' Ferran did not apply for a rehearing; but the defendants, deeming themselves aggrieved by the decision, did petition for such rehearing and their petition was denied. Following the filing of the *remittitur* in the trial court, Ferran requested the judge and the clerk thereof to enter judgment in his favor, in conformity with the verdict of the jury, but

his request was denied; and he now seeks by this proceeding in *mandamus* to compel the entry of such judgment.

■ The contention made on behalf of respondents in support of their refusal to enter judgment in conformity with the verdict is that in all cases the unqualified reversal of a judgment operates to set the case at large so that there must be a new trial before any other judgment can be entered. We are of the opinion that the general principle thus sought to be invoked has no application to the reversal of judgments such as here appealed from, namely, judgments *non obstante veredicto*, entered pursuant to the authority granted by said section 629. As held generally, when a judgment is reversed it is entirely vacated and without any validity or force. The proceeding is left where it stood before the erroneous judgment was entered; and the parties stand in the same position as if no such judgment had been rendered and are entitled to the same rights they had originally. (2 Cal. Jur. 996, 997, and cases cited therein.) ■ Consequently upon the reversal of the judgment in the present case the proceeding was restored to the state of the record in which it stood before the erroneous judgment was entered; that is, it was incomplete, with a recorded verdict in favor of plaintiff, but with no judgment entered thereon; and since the effect of the reversal also was to place both parties in the same positions they occupied up to the time the erroneous judgment was entered, and to reinvest them with the same rights they originally had, it follows that Ferran was entitled under the provisions of section 664 of the Code of Civil Procedure to have judgment entered in his favor in conformity with said verdict, and thereupon defendants were given the right to assail the judgment and the verdict in the manner provided by statute. (*Eades* v. *Trowbridge*, 143 Cal. 25 [76 Pac. 714].) The procedure mentioned has been not only universally followed in all cases of this kind, so far as our attention has been called, but it has received express approval in the case of *Lauritsen* v. *Goldsmith*, 99 Cal. App. 671 [279 Pac. 168].

In further support of this view may be cited the 1933 procedural amendment to section 664, which provides: " . . . When a motion for judgment notwithstanding the verdict is pending, entry of judgment in conformity to the verdict shall be automatically stayed until the court has rendered its decision upon the motion. . . . " It follows logically there-

from that if pursuant to such motion judgment *non obstante veredicto* be entered and an appeal be taken therefrom, the statutory automatic stay of entry of judgment in conformity to the verdict continues until the motion is finally determined on appeal, at which time, if the judgment *non obstante veredicto* be reversed, judgment in conformity with the verdict shall be entered. Moreover our section 629 is based largely on a similar statute enacted in Minnesota (*Cushman* v. *Cliff House,* 79 Cal. App. 572 [250 Pac. 575]; *Estate of Easton,* 118 Cal. App. 659 [5 Pac. (2d) 635]); and in that state the courts have held uniformly that when judgment *non obstante veredicto* is entered pursuant to an alternative motion for judgment or a new trial, and such judgment is thereafter reversed on appeal, upon the going down of the *remittitur* the motion for judgment stands denied and the motion for new trial is before the court for disposition. (*Wegemann* v. *Minneapolis St. Ry.,* 165 Minn. 41 [205 N. W. 433]; *Kies* v. *Searles,* 146 Minn. 359 [178 N. W. 811]; *Attebury* v. *Jones,* 161 Minn. 295 [202 N. W. 337].)

The obvious effect of adopting the theory advanced in behalf of respondents, that on an appeal such as this an unqualified reversal in itself operates to grant a new trial, would be to hold that it is within the power of a reviewing court in determining such an appeal not only to reverse the judgment but to go further and grant a new trial in the action. But the case of *Lauritsen* v. *Goldsmith, supra,* holds that it has no such authority; that the reviewing court should order judgment entered by the trial court upon the verdict and that the power of hearing and determining the motion for a new trial is reserved in and shall thereafter be exercised by the trial court. The decision in that case was sustained by the Supreme Court by the denial of a petition for a hearing of the appeal before that court; and in view of such decision and of the universal practice heretofore followed in reversals of this kind it may be safely assumed that the giving of express directions in the present case was deemed unnecessary.

None of the numerous cases cited and relied on by respondents are in point because not one of them involved an appeal from a judgment *non obstante veredicto* entered by the trial court pursuant to the authority granted by said section 629. Some of them concerned judgments entered in conformity with findings made by the trial court in actions tried before

the court sitting without a jury, and manifestly in such cases the application of the provisions of section 629 does not arise. The remainder of the cases, most of which were decided prior to the enactment of said section 629, dealt only with judgments entered in conformity with the verdicts; and it is of course conceded that in all such appeals an unqualified reversal sets the action at large and remands the cause for a new trial, without any specific directions being given to that effect.

For the reasons stated it is our conclusion that a peremptory writ of mandate should issue herein as prayed for in the petition, and it is so ordered.

Tyler, P. J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 4, 1935.